Submitted January 25, 2021, affirmed March 16, petition for review denied August 10, 2022 (370 Or 211)

In the Matter of R. J. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

R. J. S.,
*Appellant.*

Union County Circuit Court
17JU08207; Petition No. J01;
A169543 (Control), A169548, A169875

506 P3d 1151

Youth appeals his adjudication for an act, which if committed by an adult, would constitute first degree sexual abuse. Youth contends that the juvenile court erred by admitting the victim's statement that described youth's abuse under OEC 803(18a)(b) without requiring corroborative evidence of the abuse. OEC 803(18a)(b) allows certain statements of abuse to come into evidence if a witness is unavailable, the statements contain sufficient indicia of reliability, and, "in a criminal trial," if corroborative evidence of the abuse exists. Youth argues that the court erred because OEC 803(18a)(b) requires independent corroboration of abuse in juvenile delinquency proceedings. *Held*: The plain text of OEC 803(18a)(b), in its context, provided that a juvenile delinquency proceeding was not a "criminal trial" for purpose of the rule, and OEC 803(18a)(b) explicitly required corroborative evidence of abuse only "in a criminal trial." The legislative history further reinforced the conclusion that OEC 803(18a)(b)'s corroboration requirement did not apply to juvenile delinquency proceedings. Accordingly, the juvenile court did not err in allowing the victim's statements describing the abuse by youth without corroborative evidence of the abuse.

Affirmed.

Thomas B. Powers, Judge.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Joyce, Judge, and DeVore, Senior Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Youth appeals his adjudication for an act, which if committed by an adult, would constitute first-degree sexual abuse. ORS 163.427. Youth raises four assignments of error, which all relate to whether the juvenile court erred by admitting the victim's statement that described youth's abuse. The five-year-old victim was unavailable as a witness and the juvenile court permitted the victim's mother to testify about the victim's descriptions of the abuse. OEC 803(18a)(b) allows certain statements of abuse to come into evidence if a witness is unavailable, the statements contain sufficient indicia of reliability, and, "in a criminal trial," if corroborative evidence of the abuse exists. The juvenile court concluded that, under OEC 803(18a)(b), the victim's statements contained sufficient indicia of reliability; it did not separately require corroborative evidence of the abuse. Youth argues that the juvenile court erred because the corroboration requirement of OEC 803(18a)(b) also applies in juvenile delinquency proceedings. Yet by its plain terms, OEC 803(18a)(b) does not. We therefore affirm.

The victim, J, is youth's younger sister. J told her mother that, during a visit with J's father, her father left her alone with youth. J described that youth put two fingers inside of her vagina and that it hurt.

Before describing the procedural history, it is helpful to ground the dispute in OEC 803(18a)(b)'s text. That rule allows hearsay statements of unavailable witnesses under the age of 12 to be admitted if the statement contains sufficient indicia of reliability. In "a criminal trial," the rule further requires that the statement be supported by corroborative evidence of abuse:

> "A statement made by a person concerning an act of abuse as defined in ORS 107.705 or 419B.005, * * * is not excluded by ORS 40.455 if the declarant * * * is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made * * *. However, if a declarant is unavailable, the statement may be admitted in evidence only if the proponent establishes that the time, content and circumstances of the statement provide indicia of reliability, *and in a criminal trial that there is*

*corroborative evidence of the act of abuse* and of the alleged perpetrator's opportunity to participate in the conduct and that the statement possesses indicia of reliability as is constitutionally required to be admitted."

OEC 803(18a)(b) (emphasis added). OEC 803(18a)(c) further provides that "[t]his subsection applies to all civil, criminal and juvenile proceedings."

During a preliminary hearing, the juvenile court found that J was unavailable as a witness because of her age and inability to remember and communicate events. The state thus sought to admit J's statements to her mother under OEC 803(18a)(b), arguing that those statements contained sufficient indicia of reliability. In support of his opposition to the admission of J's statement, youth relied on OEC 803(18a)(b)'s provision that, "in a criminal trial," the state must provide "corroborative evidence of the act of abuse." In youth's view, juvenile delinquency proceedings are akin to a "criminal trial," thereby implicating the corroboration requirement. The juvenile court disagreed that OEC 803(18a)(b) requires independent corroboration of abuse in juvenile delinquency proceedings, and, because it concluded that the victim's statements contained sufficient indicia of reliability, the court allowed J's mother to testify at the adjudication hearing about J's statements of youth's abuse.

On appeal, as he did below, youth argues that OEC 803(18a)(b)'s corroboration requirement applies to juvenile delinquency proceedings. The state disagrees, noting that the rule explicitly requires corroborative evidence of abuse "in a criminal trial" and further, that a juvenile delinquency proceeding is not a "criminal trial." We agree with the state.

The analytical framework begins with OEC 803 (18a)(b)'s text and context. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). To restate the relevant language, OEC 803(18a)(b) permits statements of an unavailable witness under the age of 12 years to be admitted provided those statements contain sufficient indicia of reliability and "in a criminal trial that there is corroborative evidence of the act of abuse." A juvenile delinquency proceeding is not a criminal trial. *State v. N. R. L.*, 249 Or App 321, 324, 277 P3d 564 (2012), *aff'd*, 354 Or 222, 311 P3d 510 (2013) (observing that

juvenile proceedings are *sui generis, i.e.*, "these proceedings are unique and neither criminal nor civil"); *see also State v. McCullough*, 347 Or 350, 358 n 6, 220 P3d 1182 (2009) (stating that "juvenile adjudications themselves are not the equivalent of criminal proceedings"). Youth's argument thus fails under the rule's text.

Contextually, OEC 803(18a)(c) reinforces the conclusion that a juvenile delinquency proceeding is not "a criminal trial" for purposes of the rule. OEC 803(18a)(c) provides that the rule applies "in all civil, criminal and juvenile proceedings." That provision demonstrates that the legislature understood the different types of proceedings and intended OEC 803(18a)(b)'s requirements to apply to all proceedings, with an additional requirement carved out *only* for criminal trials.

Youth nonetheless maintains that juvenile delinquency proceedings are "criminal in nature" because, although the juvenile code decriminalizes responsibility for a crime, it "does not decriminalize the juvenile's *conduct*." *State v. Bowden*, 217 Or App 133, 135-38, 174 P3d 1073 (2007) (citing *State ex rel Juv. Dept. v. Fitch*, 192 Or App 56, 84 P3d 190, *rev den*, 337 Or 282 (2004) (emphasis added)). Although youth is correct that the juvenile code does not decriminalize his conduct, that does not address the central question here—whether juvenile delinquency adjudications are "criminal trials" as contemplated by OEC 803(18a)(b). Although a juvenile's conduct may be criminal in nature, the juvenile code provides for "a different procedure for addressing" that conduct. *McCullough*, 347 Or at 358 n 6; *see also Fitch*, 192 Or App at 64 ("[J]uvenile adjudications are not the legal equivalent of criminal prosecutions."). Indeed, OEC 803(18a)(b) is itself an example of a "different procedure for addressing" a juvenile's conduct. *State v. Renly*, 111 Or App 453, 468, 827 P2d 1345 (1992) (describing OEC 803(18a)(b) as a rule governing "the admissibility of evidence"). It prescribes a corroboration requirement for criminal trials, while omitting the same for juvenile delinquency proceedings.

In essence, youth asks us to do what ORS 174.010 prohibits: inserting what has been omitted from the text of

OEC 803(18a)(b). Had the legislature intended the corroboration requirement to apply to juvenile delinquency proceedings, it would have so specified. That holds particularly true in light of the fact that the legislature demonstrated that it understood the distinction between three types of proceedings—civil, criminal, and juvenile proceedings, *see* OEC 803(18a)(c)—yet specified that the corroboration requirement applies only to one particular type of those proceedings, namely, criminal trials.

Prior versions of OEC 803(18a)(b) further reinforce the conclusion that OEC 803(18a)(b)'s corroboration requirement does not apply to juvenile delinquency proceedings. The 1989 version of OEC 803(18a)(b) applied the corroboration requirement to both criminal trials and juvenile court proceedings: "A statement made by a child victim who is under 10 years of age, which statement describes an act of sexual conduct performed with or on the child by another, is not excluded by ORS 40.455 if the statement is offered as evidence *in a criminal trial or juvenile court proceeding*[.]" (Emphasis added.) The elimination of the corroboration requirement in the current version of the rule "adds force to a conclusion that the legislature did not intend, given the language of the current version of the [rule], to apply any corroboration requirement in juvenile court proceedings." *State ex rel Juv. Dept. v. Black*, 191 Or App 472, 480 n 2, 83 P3d 338 (2004).[1]

Legislative history reinforces what the text and context provide: the corroboration requirement applies to criminal trials. Initially, as introduced, House Bill (HB) 2395 (1991)—including its corroboration requirement—applied to "all proceedings, whether civil or criminal[.]" But later amendments to the proposed legislation demonstrate that the legislature deliberately carved out criminal proceedings, as separate and apart from juvenile dependency and juvenile delinquency proceedings, for purposes of the corroboration requirement. Committee legal counsel presented an amendment that reflected two "tiers" for admissibility:

---

[1] Because we resolved *Black* on other grounds, we did not reach the question that is presented here. But we observed that the prior version of the rule supported the conclusion that the legislature did not intend for the corroboration requirement to apply to juvenile delinquency proceedings. *Id.*

civil and juvenile cases would require a showing of indicia of reliability and criminal cases would require a showing of indicia of reliability and corroboration. Tape Recording, House Committee on Judiciary, Subcommittee on Family Justice, HB 2395, Feb 27, 1991, Tape 44, Side A (statement of committee staff Holly Robinson).

Representative Kevin Mannix questioned that change, noting that some juvenile proceedings "take on the nature of a criminal proceeding in which case the criminal standard should apply[.]" Tape Recording, House Committee on Judiciary, Subcommittee on Family Justice, HB 2395, Feb 27, 1991, Tape 44, Side A (statement of Rep Kevin Mannix). Robinson then explained that the bill did "not distinguish between juvenile dependency and juvenile delinquency" and instead treated juvenile proceedings as a monolith. Tape Recording, House Committee on Judiciary, Subcommittee on Family Justice, HB 2395, Feb 27, 1991, Tape 44, Side A (statement of committee staff Holly Robinson). Robinson observed that the committee would need to make that distinction explicit because the bill did not. *Id.*

Ultimately, the committee did not make that distinction. It approved the amendment that provided different standards for criminal and juvenile proceedings, without distinguishing between types of juvenile proceedings. Tape Recording, House Committee on Judiciary, Subcommittee on Family Justice, HB 2395, Feb 27, 1991, Tape 44, Side A (committee approval of amendment). The staff measure summaries for both the House and Senate explained that, under the bill as amended, a child's statements are admissible "in criminal proceedings if the child is 'unavailable' and if there is corroborative evidence *** and the statement possesses indicia of reliability," while a child's statements are admissible "in civil or juvenile proceedings if the child is 'unavailable' and if the statement possesses indicia of reliability." Staff Measure Summary, House Committee on Judiciary, Subcommittee on Family Justice, HB 2395-A, Mar 15, 1991; Staff Measure Summary, Senate Committee on Judiciary, HB 2395-B, June 21, 1991.

That history reflects that the legislature did not intend to apply the corroboration requirement to juvenile proceedings, including delinquency proceedings. When given

the opportunity to make a distinction between juvenile dependency and juvenile delinquency proceedings and apply the corroboration requirement to juvenile delinquency proceedings, the legislature did not act. That is consistent with the text and context of OEC 803(18a)(b), as described above.

The juvenile court thus did not err in allowing J's statements describing the abuse by youth without corroborative evidence of the abuse.

Affirmed.