512 November 17, 2023 No. 31

IN THE SUPREME COURT OF THE
STATE OF OREGON

In the Matter of C. P.,
a Youth.

STATE OF OREGON,
*Petitioner on Review,*

*v.*

C. P.,

*Respondent on Review.*
(CC 19JU08303) (CA A173762) (SC S069912)

On review from the Court of Appeals.*

Argued and submitted May 16, 2023.

Gregory A. Rios, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs were Ellen Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Christa Obold Eshleman, Youth, Rights & Justice, Portland, argued the cause and filed the brief for respondent on review.

Erin K. Olson, Law Office of Erin Olson PC, Portland, filed the brief for *amicus curiae* Megan Levonian. Also on the brief was Rosemary W. Brewer, Oregon Crime Victims Law Center, Portland.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, Bushong, and Masih, Justices, and Baldwin, Senior Judge, Justice pro tempore.**

BUSHONG, J.

The decision of the Court of Appeals is reversed. The order of the circuit court is affirmed.

_____

\* Appeal from Multnomah County Circuit Court, Amy Holmes Hehn, Judge. 322 Or App 51, 518 P3d 598 (2022).

\*\* James, J., did not participate in the consideration or decision of this case.

**BUSHONG, J.**

The youth in this juvenile delinquency case struck the victim on her head with a mallet, causing significant injuries. The issue on review is whether the juvenile court misconstrued the governing statute, ORS 419A.258, in ordering disclosure of confidential records in youth's file to the victim before youth's delinquency dispositional hearing. The Court of Appeals concluded that the victim was unable to show that disclosure was "necessary to serve a legitimate need" of the requesting party, as required by ORS 419A.258(7). *State v. C. P.*, 322 Or App 51, 62, 67-68, 518 P3d 598 (2022). We allowed the state's petition for review.

We conclude from the text, context, and legislative history of ORS 419A.258 that the statute, properly construed, gives juvenile courts some discretion in weighing the interests at stake before determining whether and to what extent disclosure is necessary to serve a legitimate need of the person seeking disclosure under the circumstances of a given case. We reject the Court of Appeals' interpretation of what is necessary to serve a victim's legitimate need and conclude that the juvenile court in this case acted within the range of discretion granted by the statute in ordering disclosure to the victim. Accordingly, we reverse the decision of the Court of Appeals and affirm the order of the juvenile court.

## I.  BACKGROUND

A.  *Facts and Proceedings Below*

As noted by the Court of Appeals, the facts relevant to the issues on appeal are not in dispute. *C. P.*, 322 Or App at 52. The victim rented a room in the home where youth lived. One night, youth entered the victim's room while she slept and struck her on the head with a mallet, causing significant injuries. In the juvenile court, youth admitted that he had engaged in that conduct and that his actions would have constituted second-degree assault if he had been an adult. Based on those admissions, the juvenile court adjudicated youth to be within the court's delinquency jurisdiction and scheduled a hearing—known as a dispositional hearing—to address the consequences of youth's actions.

Before the dispositional hearing, the victim filed a motion under ORS 419A.258, requesting to inspect and copy the juvenile court's confidential file,[1] including specifically a psychological evaluation of, and the juvenile court counselor's report about, youth. Under ORS 419A.258(6), a court addressing such a motion must weigh the interests of parties and others who might be affected by disclosure, including victims and the public. The provision that is at the center of the parties' dispute in this case, ORS 419A.258(7), states that a court shall allow disclosure "only as necessary to serve the legitimate need" of the person filing the motion.

In this case, the person filing the motion—the victim—contended that, under ORS 419C.273 and Article I, section 42, of the Oregon Constitution, she had a right to meaningfully participate in the dispositional hearing and stated in the declaration submitted in support of her motion that she wanted to inspect the records in the confidential file to facilitate that participation and make an informed statement to the court. The supporting declaration further stated that the information was relevant to the dispositional hearing because the victim's safety would be considered by the court in determining an appropriate disposition, and that allowing access to the file would help the victim fully understand the circumstances surrounding this case and assuage her fears regarding youth and the circumstances surrounding the assault. Youth opposed the motion, contending that the reports are confidential and privileged under ORS 419A.255, and that the victim had not demonstrated a "legitimate need" for the reports, as required by ORS 419A.258(7)(a).

The juvenile court granted the victim's motion in part. Specifically, the juvenile court ordered disclosure—subject to a protective order governing use—of the youth's psychological evaluation; the juvenile court counselor's report; and the police reports related to the underlying

---

[1] Under ORS 419A.255(1)(a), the clerk of the court is required to maintain a "record of each case" and a "supplemental confidential file" for each juvenile court case. The record of the case includes records filed in juvenile court proceedings, ORS 419A.252(4), and the supplemental confidential file includes "reports and other material relating to the *** youth's history and prognosis" that do not become part of the record of the case. ORS 419A.252(5).

incident.[2] The juvenile court explained in its order that the victim wanted to know "as much as possible about the Youth, his mental process related to the offense, his strengths, his motivations, and the level of risk he presents to her and to the community in order to assess her own level of safety under each of the dispositional options under consideration." The court made disclosure subject to a protective order that retained the records in the constructive custody of the court and required them to be turned over only to the victim's counsel, with the victim having a right to inspect—but not copy—the records. The protective order further provided that the records could not be disclosed to anyone else and could not be used for any purpose other than the juvenile proceeding.

Youth appealed the disclosure order, and the Court of Appeals reversed, concluding that, although the juvenile court had correctly acknowledged that the victim's right to be heard at the dispositional hearing did not give the victim a "right *per se* to access" youth's confidential file, and the juvenile court had correctly weighed the interests it was required to consider in deciding whether to grant the victim's motion, *C. P.*, 322 Or App at 64, the juvenile court's balancing of those interests did not "comport[] with the correct legal construction of the pertinent and overlapping constitutional and statutory provisions," *id.* at 64-65. According to the Court of Appeals, "a proper construction of the legal provisions involved here required the [juvenile] court to resolve the competing interests reflected in this record, in favor of youth and his family." *Id.* at 65. The court explained that, "[a]lthough the victim's rights to participate and to prepare are unquestionably legitimate, they do not give rise to a 'need' to inspect the requested records." *Id.* Thus, the Court of Appeals concluded that the juvenile court "erred as a matter of law when it granted the victim's motion." *Id.* at 68. The state petitioned for review, which we allowed.

B.   *Standard of Review*

At the outset, we must determine the appropriate standard for reviewing a juvenile court decision that authorizes

---

[2] On appeal and in this court, youth does not challenge the disclosure of the police reports.

disclosure of records in a youth's confidential file. In considering that question, we note that, although youth has placed at issue the correct interpretation of ORS 419A.258—which we review for legal error[3]—the statute, when properly construed, still requires the juvenile court to make separate discretionary determinations that we ordinarily would review for abuse of discretion. *See State v. Iseli*, 366 Or 151, 161, 458 P3d 653 (2020) ("[I]f application of the appropriate legal principles would permit more than one legally correct outcome, then the appellate court reviews for abuse of discretion."). However, in this case, youth does not contend that the juvenile court abused its discretion in weighing the parties' interests under ORS 419A.258; the only issue presented on appeal is the court's interpretation of the statute, which we review for legal error.

We apply our traditional methodology in interpreting the statute. *See, e.g.*, *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (court gives primary weight to statutory text in context, with appropriate additional weight accorded to any relevant legislative history); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (context includes other provisions of the same statute and other related statutes). In applying that methodology, we attempt to discern the intent of the legislatures that enacted the statutes. ORS 174.020; *State v. McDowell*, 352 Or 27, 30, 279 P3d 198 (2012).

## II.   DISCUSSION

The juvenile court's disclosure order in this case was based on its understanding of ORS 419A.258. That statute broadly allows "any person" who is not entitled by other statutes to review juvenile court records to file a motion requesting access to the confidential case file. Nobody disputes that the victim in this case was entitled to *request* access to the records under ORS 419A.258. Youth contends, however, that, in granting the victim's request, the juvenile court misinterpreted subsection (7) of the statute, which, as

---

[3] *See Dept. of Human Services v. S. J. M.*, 364 Or 37, 40, 430 P3d 1021 (2018) ("We review the juvenile court's legal conclusions for errors of law[.]"); *see also State v. Thompson*, 328 Or 248, 256, 971 P2d 879 (1999) ("A trial court's interpretation of a statute is reviewed for legal error.").

noted above, provides that a juvenile court shall order disclosure "only as necessary to serve the legitimate need" of the person seeking disclosure. The Court of Appeals agreed. Before analyzing the statutory text and context, we briefly summarize the parties' arguments.

A.    *Contentions of the Parties*

Youth contends that ORS 419A.258(6) and (7) together required the juvenile court to determine whether the victim had demonstrated a "legitimate need" to inspect the records before the victim would be given access to any records in the supplemental confidential file, and that disclosure to the victim in this case was not "necessary" to serve any "legitimate need" of the victim within the meaning of the statute. Youth further contends that those statutory terms, properly construed, authorize disclosure only if disclosure was required to comply with the law. He argues that disclosure to the victim was not required to comply with the victim's statutory and constitutional right to participate in the dispositional hearing, because the victim could attend the hearing and be heard without seeing the confidential records.[4]

The state notes that the victim's right to participate in the dispositional hearing is protected by ORS 419C.273 and Article I, section 42, of the Oregon Constitution. It contends that the juvenile court appropriately applied the statute, weighed the relevant interests to determine that the victim's request for access should be granted, and then separately and correctly determined that disclosure of the records at issue was "necessary" to serve the victim's "legitimate need" to review those records in connection with the dispositional hearing.

The Court of Appeals agreed with youth, concluding that "a party seeking disclosure must demonstrate something more than that disclosure would be beneficial to them;

---

[4] Youth also contends that the victim did not need to access the confidential information to participate in the dispositional hearing because the state already had access to those materials and could use them to advocate for a proper disposition. That is true, but a victim's interests do not always align with the state. That is why victims have a statutory and constitutional right to participate—separate from the state—in a dispositional hearing. ORS 419C.273; Or Const, Art I, § 42.

they must demonstrate that disclosure is *necessary* under the circumstances." *C. P.*, 322 Or App at 65-66 (emphasis in original). The court thought that the statute's context "reflects that the legislature did not view victims as having a 'need' to inspect confidential juvenile files," *id.* at 66, and concluded that, although access to confidential records "might in theory be helpful to the prosecutor[, it] does not establish that the victim has a 'legitimate need'" to see the records, *id.* at 67. We allowed review to resolve that important question of statutory interpretation. We begin with the text and context of the statute.

B.   *Statutory Text and Context*

In juvenile delinquency proceedings, the juvenile court has authority to allow persons who are not parties to the proceedings—including victims—to review court files in certain circumstances. The court clerk is required to "maintain a record of each case and a supplemental confidential file for each case[.]" ORS 419A.255(1)(a). The "record of the case" is "withheld from public inspection but is open to inspection" by the persons specified in the statute, ORS 419A.255(1)(b). That provision does not specifically list victims within the categories of persons allowed to inspect the "record of the case," but it does allow inspection by "[a]ny other person or entity allowed by the court pursuant to ORS 419A.258." ORS 419A.255(1)(b)(Q). A subset of those allowed to inspect the "record of the case" is entitled to receive copies of the record of the case. ORS 419A.255(1)(c). Again, that subset does not specifically include victims, but it does include "[a]ny other person or entity allowed by the court pursuant to ORS 419A.258." ORS 419A.255(1)(c)(E).

With respect to the "supplemental confidential file," ORS 419A.255(2)(a) provides that records in that file relating to the youth's "history and prognosis" are "privileged" and "shall be withheld from public inspection" except as permitted by paragraph (2)(b), which, in turn, limits inspection to listed persons—again, not including victims in that list, but including "[a]ny other person or entity allowed by the court pursuant to ORS 419A.258." ORS 419A.255(2)(b)(O). Similarly, a subset of those allowed to inspect the supplemental confidential file is entitled to receive copies of material

maintained in that file. ORS 419A.255(2)(d). That subset, once again, does not include victims but does include "[a]ny other person or entity allowed by the court pursuant to ORS 419A.258." ORS 419A.255(2)(d)(J). Any person obtaining copies of material in the supplemental confidential file is responsible for preserving the confidentiality of that material. ORS 419A.255(2)(e).

The statute that is directly applicable here, ORS 419A.258, outlines the process for filing, serving, and resolving a motion to allow access to the juvenile court file. Subsection (1) of that statute provides:

"Any person or entity not included in ORS 419A.255 as a person or entity entitled to inspection or copying of the record of the case or the supplemental confidential file may file a motion with the court to inspect or copy the record of the case or the supplemental confidential file. The person or entity filing the motion shall file a sworn affidavit or declaration under penalty of perjury that states all of the following:

"(a)   The reasons why the inspection or copying is sought;

"(b)   The relevancy, if any, of the inspection or copying to the juvenile court proceeding; and

"(c)   How the inspection or copying *will serve to balance the interests listed in subsection (6)* of this section."

(Emphasis added.) Subsection (2) of ORS 419A.258 requires the person filing the motion to serve it on all parties and attorneys of record in the juvenile court proceeding and file proof of service. Subsection (5) requires the court to conduct an *in camera* review "[u]pon determination by the court that the person or entity filing the motion has met the requirements of subsections (1) and (2)[.]"

Subsection (6) of ORS 419A.258 provides that, after the court conducts its *in camera* review and

"in making the determination of whether to allow inspection or copying of the record of the case or the supplemental confidential file, in whole or in part, the court shall weigh the following interests:

"(a) The privacy interests and particular vulnerabilities of the *** youth *** that may be affected by the inspection or copying of all or part of the record of the case or the supplemental confidential file;

"(b) The interests of the other parties to, *or victims in*, the juvenile court proceeding;

"(c) The interests of the person or entity filing the motion; and

"(d) The interests of the public."

(Emphasis added.) Thus, the text of the statute specifically lists the victim's interests as one of the interests that the juvenile court must weigh "in making the determination" of whether to allow inspection or copying of the supplemental confidential file.

Subsection (7) of ORS 419A.258 provides:

"In granting a motion made under this section, the court:

"(a) Shall allow inspection or copying *only as necessary to serve the legitimate need* of the person or entity filing the motion, as determined by the court;

"(b) May limit inspection or copying to particular parts of the record of the case or the supplemental confidential file;

"(c) May specify the timing and procedure for allowing inspection or copying; and

"(d) Shall make protective orders governing use of the materials that are inspected or copied."

(Emphasis added.)

Those provisions, read together, outline the process that "any person" not otherwise entitled to inspect the records in a juvenile court file—including a victim—must follow to obtain access to those records, including the supplemental confidential portion of the file. Under that process, as explained in more detail below, a person requesting access to the records must file and serve a motion and supporting affidavit or declaration; the court reviews those materials and, if satisfied that certain statutory requirements have

been met, reviews the files; and the court then weighs the competing interests and determines whether and to what extent disclosure is necessary, subject to the terms of a protective order.

Subsection (1) of ORS 419A.258 recognizes that persons or entities specifically listed in ORS 419A.255 already have a right of access to the file; ORS 419A.258 addresses a request for access by any person or entity *not* listed in ORS 419A.255. The first step in the process, described in subsection (1) of ORS 419A.258, occurs when a person or entity requesting access files a motion to inspect or copy the file. The motion must be supported by a sworn affidavit or declaration outlining the reasons for the request, how the request is relevant to the juvenile court proceeding, and how the request fits within the interest-balancing test under subsection (6). The motion and supporting material must be served in accordance with subsection (2).

If the court determines that the moving party has complied with the filing and service requirements of subsections (1) and (2), then subsection (5) requires the court to conduct an *in camera* review of the file. After conducting that review, subsection (6) requires the court to "weigh" the interests of those listed in that subsection—which expressly includes victims—and subsection (7) requires the court to allow access "only as necessary to serve the legitimate need" of the person requesting access.

In weighing the interests of the persons listed in subsection (6), the court must examine the reasons for seeking access given by the person filing the motion and determine how allowing access to those materials might be pertinent to the proceedings. The court's assessment of that person's "interests" under subsection (6) would thus include some consideration of whether the person has a "legitimate need" to access the materials—however that term is defined. In addition, in determining the extent of access that should be allowed under subsection (7), the court could determine that *none* of the records in the juvenile court file is necessary to serve the person's "legitimate need," effectively denying access entirely. Thus, as a practical matter, subsections (6) and (7), read together, both require juvenile courts to

assess whether and to what extent a person seeking disclosure has demonstrated a legitimate need for the materials sought. We turn to analyzing what the legislature intended when it authorized juvenile courts to order disclosure "only as necessary to serve the legitimate need" of the person requesting disclosure.

We start with the plain meanings of the terms "legitimate" and "need." The dictionary defines "legitimate" as "GENUINE * * *[;] accordant with law or with established legal forms and requirements." *Webster's Third New Int'l Dictionary* 1291 (unabridged ed 2002). The word "need"—when used as a noun, as it is here—means a "necessary duty * * *[;] a want of something requisite, desirable, or useful." *Id.* at 1512. The word "necessary" means "whatever is essential for some purpose." *Id.* at 1510.

In this context, the dictionary definition of "necessary"—whatever is essential for some purpose—is helpful, but the intended purpose that must be served by disclosure remains unclear.[5] Although the text requires that disclosure must be necessary to serve the requesting person's "legitimate need," the term "need," as noted above, can mean "a want of something" that is "requisite" or "desirable" or "useful." Thus, considering the dictionary definitions alone, access might be "necessary" to serve the moving party's "legitimate need" to review certain records in the file if access would be essential for a *requisite* purpose, meaning something that is required. Alternatively, disclosure to the moving party might be "necessary" to serve the movant's "legitimate need" if access to the records would be essential for a *desirable or useful* purpose even though it may not be required.

Given those differing dictionary definitions, we must "consider the statutory words in context to determine which

---

[5] In other contexts, we have determined that the dictionary definitions of the word "necessary" may not resolve the issue. *State v. Jackson*, 369 Or 510, 522, 508 P3d 457 (2022); *see also Penn v. Board of Parole*, 365 Or 607, 631, 451 P3d 589 (2019) (noting that, when not defined in a statute, "the word 'necessary' * * * is an inexact term, the intended meaning of which is for [the] court to determine"). In addition, some statutes may authorize actions that are "reasonably necessary" to accomplishing a specified purpose; in that context, we would not understand "necessary" to mean "essential."

of multiple definitions is the one that the legislature intended." *State v. Clemente-Perez*, 357 Or 745, 765, 359 P3d 232 (2015). As noted above, context includes other provisions of the same statute and other related statutes. *PGE*, 317 Or at 611. Also as noted above, subsection (1) of ORS 419A.258 requires the moving party to submit in support of the motion an affidavit or declaration stating the reasons for the request, how it is relevant to the proceeding, and how it will serve the court in balancing the interests it is required to balance under subsection (6).

Subsection (6), in turn, requires the court to weigh the interests of the moving party against a youth's "privacy interests and particular vulnerabilities" as well as the interests of other parties, the victim, and the public. Assessing all the reasons stated for seeking disclosure and weighing all the relevant interests listed in the statute would seem, at least preliminarily, to support an interpretation that gives juvenile courts some discretion to consider more than just whether disclosure would be essential to serve a purpose required by law.

We turn to the legislative history to see whether it sheds any additional light on the legislature's intent.

C.   *Legislative History*

As explained below, the legislative history, although not especially illuminating, does not contradict our tentative conclusion that, in assessing whether a person has demonstrated that disclosure was "necessary" to serve the person's "legitimate need" to access confidential records, the legislature intended to authorize juvenile courts to consider more than what would be essential to serve a purpose required by law.

The statutes addressing access to confidential juvenile files date back to 1993, when the legislature enacted the first iteration of ORS 419A.255 as part of a comprehensive revision of the Oregon Juvenile Code. Or Laws 1993, ch 33, § 49.[6] As originally enacted, ORS 419A.255 did not permit victims or other persons who were not specifically listed in

---

[6] ORS 419A.255 (1993) was slightly amended several times between 1993 and 2013.

that statute to access confidential juvenile records at all. *See* ORS 419A.255 (1993) ("The record of the case shall be withheld from public inspection but shall be open to inspection by the child, parent, guardian or surrogate and their attorneys. *** Reports and other material relating to the child's history and prognosis are privileged and *** shall not be disclosed *** to anyone other than the judge of the juvenile court, those acting under the judge's direction and to the attorneys of record for the child or the child's parent, guardian or surrogate.").

In 2013, the legislature amended ORS 419A.255 to permit persons who were not parties to the juvenile court proceedings to inspect and obtain copies of records in some circumstances. Or Laws 2013, ch 417, § 3. The 2013 legislation was the culmination of a process that started in 2010, when the Oregon Judicial Department asked the Oregon Law Commission (OLC) to review, clarify, and improve juvenile code provisions related to confidentiality of juvenile court records—and specifically requested review and improvement of ORS 419A.255. Exhibit 12, House Committee on Judiciary, SB 622, May 14, 2013, 3 (Juvenile Records Work Group Report for SB 622 (2013), Oregon Law Commission) (Juvenile Records Report). The OLC formed a work group to recommend legislation for clearer rules for access to juvenile court records. *Id.* at 3-4.

Among the changes recommended by the OLC work group were the provisions ultimately included in the current version of ORS 419A.255, summarized above, that authorized juvenile courts to allow persons other than those specifically listed in the statute to request access to juvenile court records. The work group described those provisions as "a catch-all" that would give juvenile courts "authority and discretion" to allow inspection or copying of records by persons or entities not specifically listed in the statute. Juvenile Records Report at 10, 12. The legislature ultimately adopted the work group's recommendations and amended ORS 419A.255, but it delayed the operational date of the "catch-all" provisions until 2016. *See* Exhibit 13, Senate Committee on Judiciary, HB 4074, Feb 22, 2016, 1-2 (Amendments to the Juvenile Court Records Statutes Report for HB 4074A

(2016), Oregon Law Commission) (Amendments Report) (explaining that litigation involving members of both the OLC and the juvenile records work group had been filed when the "catch-all" provisions were first being considered, and recommending delaying further consideration of those provisions, in part, due to pending litigation). Another reason for that delay was to give the work group time to solicit input from juvenile court judges and others to develop standards that juvenile courts could use in applying the "catch-all" provisions. *Id.* at 2-3.

Ultimately, the OLC work group recommended the procedures that were subsequently codified in ORS 419A.258, which the work group described as "an approach that balances adequate guidance for juvenile court judges while still providing them with meaningful discretion." *Id.* at 4; *see also* Or Laws 2016, ch 95, § 9 (enacting what is now ORS 419A.258). One issue of particular concern was ensuring that the provisions complied with the "open courts" requirement of the Oregon Constitution.[7] The work group believed that the standards it recommended "[struck] the appropriate balance between open courts and protecting juvenile interests." Amendments Report at 4. The work group also "felt it necessary for the courts to include in its balancing of factors the interests of all parties of the proceedings as well as any victims involved in the proceedings." *Id.* at 6.

Unfortunately, aside from listing the factors the court should consider in conducting the required balancing, the report does not specifically describe what evidence the court must examine or how it should weigh the competing interests under subsection (6). The report does state that, under subsection (7), disclosure should be allowed "only as necessary," *id.*, but it does not explain how a court was to determine what would be "necessary" or for what purpose.

---

[7] The "open courts" clause of Article I, section 10, of the Oregon Constitution states, "No court shall be secret, but justice shall be administered, openly and without purchase[.]" We analyzed that provision in *Doe v. Corp. of Presiding Bishop*, 352 Or 77, 102, 280 P3d 377 (2012), concluding there that the provision did not require a trial court "to order the release of exhibits that were subject to an earlier protective order requiring that the parties maintain their confidentiality at the close of trial."

Judge Maureen McKnight, a member of the work group and the chief family law judge in Multnomah County at the time, testified to a legislative committee in support of the legislation, proposed as House Bill (HB) 4074 (2016). Judge McKnight testified that the "upshot" of the weighing of interests required by subsection (6) of the proposed legislation was that "the court was to consider all of [the] interests and in a particular case one or more might preponderate, but we didn't want to emphasize or detail what that weighing would be because it would be driven by the individual facts in the case." Audio Recording, House Committee on Judiciary, HB 4074, Feb 9, 2016, at 1:12:29 (testimony of Judge Maureen McKnight), https://olis.oregonlegislature.gov (accessed Nov 7, 2023). After conducting that balancing, Judge McKnight explained, the juvenile court would "allow *** access as necessary to serve [the moving party's] need if the court found it legitimate." *Id.* at 1:12:50. Judge McKnight did not otherwise explain how a juvenile court was to determine whether and to what extent access was "necessary" to serve the moving party's "legitimate need."

Thus, the legislative history does not conclusively determine what the legislature intended when it required juvenile courts to order disclosure "only as necessary to serve the legitimate need" of the person requesting access to confidential records, though the history does show that the legislation was designed to give juvenile courts some discretion to make access decisions on a case-by-case basis, determining whether to grant a motion for disclosure by weighing the factors listed in subsection (6) and limiting the extent of disclosure by assessing the moving parties' needs and whether the court found those needs to be "legitimate."

D.   *Summary of Statutory Interpretation*

Given the limited assistance provided by the legislative history, we return to the text and context of ORS 419A.258, as the best evidence of the legislature's intent. *See Gaines*, 346 Or at 171 (stating that "text and context remain primary, and must be given primary weight in the analysis"). Under the Court of Appeals' interpretation of ORS 419A.258(6) and (7), a victim's right to participate in a dispositional hearing is insufficient as a matter of law to

establish that disclosure is "necessary" to serve a victim's "legitimate need" to access material in a youth's confidential file because the victim can participate in the hearing without seeing the records. *C. P.*, 322 Or App at 67. We disagree. As explained below, we conclude that the legislature intended for juvenile courts to determine both the need for and extent of disclosure on a case-by-case basis, and that, depending on the circumstances, disclosure can be necessary to serve a victim's legitimate need within the meaning of the statute.

As noted, the text of ORS 419A.258(7) authorizes disclosure only when the movant's interests outweigh the other interests set out in ORS 419A.258(6) and "only as necessary to serve the legitimate need" of the person requesting access. The dictionary definitions of those words suggest two possibilities, as discussed above. One possibility is that the legislature intended to limit juvenile courts' authority to order disclosure only if disclosure would be essential to serving a purpose that is *required* by law, as the Court of Appeals concluded. Another possibility is that the legislature intended to allow juvenile courts to order disclosure if disclosure would be essential to serving a purpose that is *consistent* with the law.

Although both possibilities are plausible, we conclude that the second possibility is the better reading of the statutory text in context, consistent with the legislative history. As noted above, one of the primary concerns addressed by the 2013 legislation was ensuring compliance with the "open courts" clause of Article I, section 10, of the Oregon Constitution. Under that clause, the media and the public may have an interest in disclosure of records in the court files. Under ORS 419A.258(6), that interest must be weighed against the youth's competing privacy interests. If the only purpose that would qualify as a "legitimate need" is a purpose that is required by law, and if the public's interest under the open courts clause is treated as a disclosure that is "required by law," then juvenile courts would always have to order disclosure upon request. Conversely, disclosure would never be allowed if protecting the youth's privacy interests is something that is "required by law."

That suggests that a disclosure "as necessary to serve the legitimate need" of the person requesting access was not intended to mean only a disclosure that serves a purpose "required by law." A better reading of the statute acknowledges that both the public's interest in disclosure and the youth's interest in privacy are cognizable under and protected by the law—and, thus, serving those interests could justify disclosure in some circumstances—but the statute should not be understood to mean that disclosure must be denied in all circumstances unless it would serve an interest that is required by law. That is why a weighing of those interests is necessary. That suggests that the legislature may have intended that, by allowing disclosure when "necessary to serve a legitimate need" of the moving party, the moving party's need can be broader than just what is essential to serve a purpose that is required by law.

The fact that subsection (6) of ORS 419A.258 specifically lists a victim's interests among the interests that the juvenile court must weigh in determining whether to grant a motion for access is also illustrative. Although that provision may, in part, reflect legislative concerns about victim privacy, a victim in a juvenile delinquency proceeding also has interests arising from the victim's right to participate in such proceedings as provided by statute and by the Oregon Constitution. ORS 419C.273(2)(a)(c) gives crime victims a statutory right to be heard at dispositional hearings in juvenile court. Article I, section 42(1)(a), of the Oregon Constitution gives crime victims the right "to be present at" and, upon request, "to be heard" at a juvenile court delinquency dispositional hearing. We have indicated that a victim's right to be heard "is similar to a defendant's right of allocution" before sentencing in a criminal case. *State v. Ball*, 362 Or 807, 817, 416 P3d 301 (2018). A defendant exercising the right of allocution should be "given an opportunity to make any relevant personal comments to the court." *DeAngelo v. Schiedler*, 306 Or 91, 95-96, 757 P2d 1355 (1988).

Although the victim's right to be "present" and "heard" at a dispositional hearing does not *require* victims to have access to juvenile court records, ORS 419A.258(6) does require the juvenile court to weigh the victim's interests

along with the interests of the youth, other parties to the proceeding, and the public. If the legislature had intended to limit the court's assessment of the victim's interests to determining what disclosures would be essential to serve only those purposes that are *required by law*—in this context, complying with a victim's right to be present and heard—that purpose is served by simply allowing victims to attend the hearing and giving them the opportunity to speak.

But if that is what the legislature intended, then crime victims would *never* be allowed to access the juvenile court file because access to that file would never be necessary to give a victim a right to be present and to be heard, as required by law. At least with respect to victims, there would have been no reason to give "any person"—including specifically a crime victim—the right to seek access to the file under subsection (1) of ORS 419A.258, nor would there be any reason to consider a victim's interests as part of the "weighing" process required by subsection (6), if the statute is read that narrowly. Again, that suggests that the legislature intended to give juvenile courts some discretion to order limited disclosures to victims to serve purposes that are broader than only those purposes that are required by law.

If the statute authorizes juvenile courts to order disclosure where it would be essential to serve a purpose *authorized*—but not required—by law, the court would address a motion to inspect or copy juvenile court records by weighing a variety of factors in assessing the "needs" articulated by the moving party, determining whether those needs are "legitimate," and then determining whether disclosure is essential to serve a purpose consistent with the law. That assessment is not limited to determining what disclosures are required by law. Instead, the court should assess why a moving party has requested access and determine whether those reasons are legitimate. That, in turn, requires the court to assess whether the moving party's stated reasons are "genuine" and lawful. Finally, the court must determine—under the circumstances of a particular case—whether and to what extent disclosure is necessary

to serve that purpose. In other words, the statute allows a juvenile court to balance competing interests and, based on that balancing, determine what information to disclose, if any. In doing so, a juvenile court must be mindful of the long-recognized, strong privacy interests that a youth and their family have in the records in a juvenile court's confidential file.

Under that interpretation, the victim's right to participate in a dispositional hearing could, in some instances, support some disclosure of records in a confidential file. Allowing a victim access to a youth's psychological evaluation, for example, could be "necessary" to serve the victim's "legitimate need" if the juvenile court determines that (1) it is important under the circumstances of that case for the victim to be able to understand, address, and respond to the youth's mental health issues; (2) that information is not otherwise known to the victim; and (3) the victim's need for the information outweighs the interests in keeping the information confidential. If the victim and the youth are friends, relatives, or otherwise closely associated in a way that makes it likely that they will have future interactions with each other, a juvenile court could determine that a victim might need to consider the youth's psychological evaluation before addressing the court, because disclosure in that context would allow the victim to understand how she might have misjudged the threat posed by the youth and take steps to ensure her safety in the future, but the juvenile court could allow disclosure only if the victim's interests outweighed the strong interests in protecting the confidentiality of juvenile records.

Thus, victims are not always entitled to access records in the confidential file in a juvenile proceeding. If, for example, the victim did not know the youth before the assault or where it is unlikely that they will be interacting with each other in the future, the juvenile court might very well conclude that the victim does not have any legitimate need to see the youth's evaluation and deny access because the circumstances do not give rise to any need for the victim to fully understand the youth's mental and psychological issues, and any interest that the victim may have in

reviewing those records would be outweighed by the strong interests in protecting the youth's privacy. The legislature intended for juvenile courts to determine both the need for and extent of disclosure on a case-by-case basis. In some circumstances, a victim's stated reasons for seeking access might not, when weighed against the privacy interests of the youth and other interests, justify ordering disclosure of any materials in the supplemental confidential file. In other circumstances, a victim's stated reasons for requesting access to allow meaningful participation in the dispositional hearing might justify disclosure under the terms of an appropriate protective order.

Unlike the Court of Appeals, we do not interpret ORS 419A.258(6) and (7) to mean that a victim's right to participate in a dispositional hearing is insufficient as a matter of law to establish that disclosure may be necessary to serve a victim's legitimate need to access material in the confidential file. Rather, we conclude that the statute, properly interpreted, gives juvenile courts some discretion in weighing the relevant interests and, if the victim's interests outweigh the other interests, the juvenile court can determine whether and to what extent disclosure is necessary to serve the victim's legitimate need under the circumstances.

E.   *Application to This Case*

In this case, as described above, the victim and youth lived in the same house at the time of the assault, and there was no evidence that anything happened between the two to precipitate the attack. Instead, the evidence was that youth entered the victim's room while she was sleeping and hit her on the head with a mallet for no apparent reason. The juvenile court weighed the interests of youth, the victim, the parties to the proceeding, and the public, as required by subsection (6) of ORS 419A.258, and it ordered disclosure of three records in youth's confidential file. Youth does not dispute that the victim's interests permitted the court to order disclosure of the police reports, contending instead that disclosure of the psychological evaluation and the juvenile counselor's report was not necessary to serve any legitimate need of the victim within the meaning of the

statute.[8] The Court of Appeals concluded that disclosure of those confidential records was not necessary to serve any legitimate need of the victim as a matter of law. We disagree.

In ordering disclosure in this case, the juvenile court correctly determined that the victim's constitutional right to be heard in the dispositional hearing did not automatically give the victim a "right" to access that juvenile court records. Instead, the juvenile court gave the victim's constitutional right to participate "significant weight" and weighed the victim's safety needs and interests against youth's privacy interests and particular vulnerabilities. After determining that it should grant the motion, the juvenile court entered a protective order that only gave the victim an opportunity to inspect the materials, not to copy them—with the materials to remain in the possession of the victim's attorney—and prohibited the victim and her attorney from disclosing the records to anyone else or using them for any purpose other than the juvenile proceedings.

As noted above, the juvenile court explained in its order that the victim wanted to know "as much as possible about the Youth, his mental process related to the offense, his strengths, his motivations, and the level of risk he presents to her and to the community in order to assess her own level of safety under each of the dispositional options under consideration," concluding that disclosure of three documents subject to a protective order was "necessary to serve the victim's legitimate need for information." In this context, the juvenile court correctly understood the "legitimate need" provision of subsection (7) of ORS 419A.258 to mean that it could order access after assessing the victim's stated reasons for requesting access, determining whether those reasons were genuine and in accordance with the statutory and constitutional provisions that give victims a right to be heard at juvenile court dispositional hearings, and deciding that it was essential under the circumstances of this case for the victim to meaningfully understand what had happened to her, why it had happened, and how to protect herself in the future. As discussed above, that understanding

---

[8] Youth also does not contend that the juvenile court abused its discretion in weighing the relevant interests at stake as required by ORS 419A.258(6).

was consistent with the legislative intent reflected in the text, context, and legislative history of the statute.

In short, the statute gave the juvenile court some discretion to weigh the relevant interests, and then the court could determine whether and to what extent disclosure might be necessary to serve the victim's legitimate need. Here, the juvenile court did exactly what the legislature intended that juvenile courts should do in weighing the competing interests, limiting disclosure, and entering an appropriate protective order. The juvenile court's disclosure order in this case was not based on a misinterpretation of ORS 419A.258.

## III.  CONCLUSION

The juvenile court did not misinterpret ORS 419A.258 in ordering disclosure of two records in youth's confidential court file to the victim and her counsel, subject to the terms of a protective order, under the circumstances of this case.

The decision of the Court of Appeals is reversed. The order of the circuit court is affirmed.